# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
### AT OWENSBORO

**CHRISTOPHER DAVIS**                                                          **PLAINTIFF**

**v.**                                             **CIVIL ACTION NO. 4:15CV-P146-JHM**

**HENDERSON COUNTY DETENTION CENTER** *et al.*                **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff Christopher Davis's[1] *pro se* complaint

pursuant to 28 U.S.C. § 1915.  For the reasons that follow, the Court will dismiss the claims

against the two named Defendants and allow Plaintiff an opportunity to file an amended

complaint.

## I.  SUMMARY OF CLAIMS

Plaintiff is a pretrial detainee incarcerated at the Henderson County Detention Center

(HCDC).  He brings suit pursuant to 42 U.S.C. § 1983 against HCDC and Southern Health

Partners (SHP).[2]  As Plaintiff's statement of the claims, he alleges as follows:

> Around September 21[th] I Became ill Due to no Medication for a week in a
> half from Southern Health Partner's for my High Blood Sugar.  When I ask
> for treament I was Denyed Service.  By Leah Humphries.  I ask to be taken
> to the Hospital and Leah said to me that she was not going to take me to the
> Hospital.  Instead she Refused me medical care and put me in the Jails hole
> for seven Days.  I was in so much Pain I though I was going to Die.  Thank
> god I made it out Alive Also when I got ill I called for the guard for over
> and Hour when a guard came I was sat down in the Jail hallway for over
> and Hour with no help.  And on September 22[th] Southern Health partners
> was giving me medication that was not Prescribe to me by my Doctor.  So
> this is why I feel my Constitutional Rights have been valided.

---

[1] Two Plaintiffs—Marcus Edward Ivy and Christopher Davis—filed this action.  By Order
entered June 2, 2016, the Court dismissed Plaintiff Ivy and the claims brought by him for failure to
prosecute pursuant to Fed. R. Civ. P. 41(b) (DN 15).

[2] Also named as Defendants are the Henderson County Sheriff's Office, Janice Leigh, and Leslie
Davis.  As these Defendants relate only to the claims raised by dismissed Plaintiff Ivy, the Court will not
list them as Defendants here.

As relief, Plaintiff seeks monetary and punitive damages and injunctive relief.

## II.  STANDARD OF REVIEW

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A.  Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  *Id.* at 327.  In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citing *Twombly*, 550 U.S. at 556).  "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true."  *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of

2

the elements of a cause of action will not do.'  Nor does a complaint suffice if it tenders 'naked

assertion[s]' devoid of 'further factual enhancement.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*,

550 U.S. at 555, 557).

### III.  ANALYSIS

The HCDC is not a "person" subject to suit under § 1983 because municipal departments,

such as jails, are not suable under § 1983.  *Marbry v. Corr. Med. Servs.*, No. 99–6706, 2000 WL

1720959, at *2 (6th Cir. Nov. 6, 2000) (holding that a jail is not an entity subject to suit under

§ 1983); *see also Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991) (holding that a police

department may not be sued under § 1983).  In this situation, Henderson County is the proper

Defendant.  *See Smallwood v. Jefferson Cty. Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990).

Further, Henderson County is a "person" for purposes of § 1983.  *See Monell v. New York City

Dept. of Soc. Servs.*, 436 U.S. 658 (1978).

When a § 1983 claim is made against a municipality, this Court must analyze two distinct

issues:  (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so,

whether the municipality is responsible for that violation.  *Collins v. City of Harker Heights,

Tex.*, 503 U.S. 115, 120 (1992).  The Court will address the issues in reverse order.

"[A] municipality cannot be held liable *solely* because it employs a tortfeasor -- or, in

other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory."

*Monell*, 436 U.S. at 691; *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v.

City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994).  "[T]he touchstone of 'official policy' is

designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and

thereby make clear that municipal liability is limited to action for which the municipality is

3

actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting

*Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986)).  To demonstrate municipal liability, a

plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the

municipality, and (3) show that his particular injury was incurred due to execution of that

policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police

Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)).

This same municipal-liability analysis applies to § 1983 claims against a private

corporation like SHP.[3]  *See Street v. Corr. Corp. of Am.*, 102 F.3d 810, 818 (6th Cir. 1996)

("*Monell* involved a municipal corporation, but every circuit to consider the issue has extended

the holding to private corporations as well.").  Liability must be based on a policy or custom of

the contracted private entity or "the inadequacy of [an employee's] training." *Id.* at 817;

*Starcher v. Corr. Med. Sys., Inc.*, 7 F. App'x 459, 465 (6th Cir. 2001) ("CMS's [Correctional

Medical Systems, Inc.,] liability must also be premised on some policy that caused a deprivation

of [plaintiff's] Eighth Amendment rights.").

In the instant case, Plaintiff does not allege that his harm was caused by a policy or

custom of either Henderson County or SHP.  Nothing in the complaint demonstrates that the

action or inaction of any personnel occurred as a result of a policy or custom implemented or

endorsed by either the county or SHP.  The complaint, therefore, fails to establish a basis of

liability against the municipality and SHP and fails to state a cognizable § 1983 claim against

---

[3] The Sixth Circuit has held that "[i]t is clear that a private entity which contracts with the state to perform a traditional state function such as providing medical services to prison inmates may be sued under § 1983 as one acting 'under color of state law.'" *Hicks v. Frey,* 992 F.2d 1450, 1458 (6th Cir. 1993) (quoting *West v. Atkins*, 487 U.S. 42, 54 (1988)).  SHP has apparently contracted with the HCDC to provide medical services to the inmates.  Thus, on initial review of the complaint, the Court presumes that SHP is a state actor.

them.  For these reasons, the claims against HCDC/Henderson County and SHP will be dismissed.

"[U]nder Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA [Prison Litigation Reform Act]." *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013).  The Court will allow Plaintiff an opportunity to amend his claims of denied medical treatment to name as Defendants in their individual capacity the person or persons who he claims engaged in the alleged wrongdoing and to describe the facts surrounding how each Defendant allegedly violated his rights.  Additionally, in construing the complaint in a light most favorable to Plaintiff, the Court concludes that Plaintiff effectively alleges that Leah Humphries put him in the hole for seven days in retaliation for seeking medical treatment.  The Court, therefore, also will allow Plaintiff to amend the complaint to name Leah Humphries as a Defendant in her individual capacity.

## IV.  <u>ORDER</u>

For the foregoing reasons,

**IT IS ORDERED** that the claims against the HCDC/Henderson County and SHP are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that within **<u>30 days</u>** from the entry date of this Memorandum Opinion and Order, Plaintiff may amend the complaint to name the person or persons involved in his claims that he is being denied medical treatment; to sue them in their individual capacity; to describe the facts surrounding each Defendant's involvement in his claims; and to sue Leah Humphries in her individual capacity and allege facts surrounding the

5

retaliation claim.  The Clerk of Court is **DIRECTED** to place the instant case number and "Amended" on a § 1983 complaint form and send it, along with four blank summons forms, to Plaintiff for his use should he wish to amend the complaint.  The Court will conduct an initial review on the amended complaint pursuant to 28 U.S.C. § 1915A.

**Should Plaintiff file no amended complaint within 30 days, the Court will enter a final Order dismissing the entire action for the reasons stated herein.**

Date:  June 27, 2016

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

cc:      Plaintiff Davis, *pro se*
4414.005

6